# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

JACOB FLANAGAN

              Plaintiff,

        v.

EQUIFAX, INC.,

        Defendant.

Case No.

## COMPLAINT

NOW COMES Plaintiff, JACOB FLANAGAN ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant EQUIFAX, INC.  ("EQUIFAX").

### Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2. Plaintiff is a natural person at all times relevant residing in Pitt County, in the City of Farmville, in the State of North Carolina.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined

1

by 15 U.S.C. § 1681(a)(c).

4.     Defendant EQUIFAX is a corporation conducting business in the State of North Carolina and is headquartered in Atlanta, Georgia.

5.     Defendant EQUIFAX is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

6.     Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7.     Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

8.     Defendant EQUIFAX is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

9.     At all times relevant to this Complaint, Defendant acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

10.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11.     Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Defendant is headquartered within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

12.     Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX and has suffered particularized and concrete harm in the form of loss of credit, defamation, and loss of reputation.

13.     CRAs, including EQUIFAX have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14.     On or about January 26, 2024, Plaintiff and Truist Bank ("Truist") settled an account ending in 8201 ("Account") for three thousand four hundred fourteen dollars ($3,414.00).

15.     Per the terms of the settlement, Plaintiff made a single lump payment on January 29, 2024 of three thousand four hundred fourteen dollars ($3,414.00) consecutive payments totaling five thousand two hundred nine dollars and sixty-eight cents ($5,209.68) and thereby satisfied the agreement.

Facts

16.     On February 27, 2025, Plaintiff received a copy of his credit report from EQUIFAX.

17.     To his surprise, despite Plaintiff's performance under the terms of the agreement, Defendant EQUIFAX reported inaccurate information regarding the Account.

18.     Specifically, EQUIFAX reported the Account as "Charged Off." This status was inaccurate because both Plaintiff and Truist agreed to a payment plan to satisfy the outstanding debt and Plaintiff had met every obligation under the agreement.

19.     Further, EQUIFAX failed to report the payment Plaintiff made under the terms of the agreement.

20.     Additionally, EQUIFAX reported the Account with an inaccurate status of "Charged Off" and with a balance being owed of $3,412.00.

21.     EQUIFAX's failure to report the Account correctly and failure to report the agreement between Plaintiff and Truist and failure to report the payment Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

22. On February 27, 2025, Plaintiff issued a dispute by mail to EQUIFAX regarding the inaccurate information being reported on the Account.

23. His dispute was delivered on or about April 6, 2025.

24. Specifically, Plaintiff disputed the inaccurate entry in his credit report that the Account was in a "Charged Off" status and that any balance was owed on the Account.

25. Further, Plaintiff included proof of the settlement and payment made to Truist with his dispute letter.

26. However, despite having received the letter and accompanying proof of payments, EQUIFAX continues to report the Account as having a current status of "Charge Off" and a balance owed of $3,412.00.

27. This status is inaccurate and, at the least, misleading as Truist has received all payments pursuant to the settlement agreement and could not consider the status as being "Charge[d] Off."

28. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

29. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

## COUNT I – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

30.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31.    After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

32.    EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

33.    As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34.    EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

35.    In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

36.    Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

37.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

38.    After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

39.    Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

40.    As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41.    EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

7

42.     In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

43.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: July 8, 2025

By: */s/ Mark A. Carey*
Mark A. Carey
Law Offices of Mark A. Carey
c/o 500 Roswell Road, Building C
Sandy Springs, GA  30342
Tel: (716) 853-9243
Email: markcareylaw@ymail.com

Attorneys for Plaintiff, JACOB
FLANAGAN